Order, Supreme Court, New York County (Debra A. James, J.), entered October 25, 2011, which, to the extent appealed from, denied plaintiff’s motion for a default judgment against defendants Massachusetts Casualty Insurance Company, Centre Life Insurance Company, Centre Solutions, and Zurich American Insurance Company (the MCIC defendants), unanimously affirmed, without costs.
This Court previously determined that the MCIC defendants timely served their answer in accordance with the parties’ writ *686 ten stipulation (Bhugra v Massachusetts Cas. Ins. Co., 94 AD3d 563 [1st Dept 2012], appeal dismissed 19 NY3d 1064 [2012]). Accordingly, this Court essentially held that the MCIC defendants were never in default, and that determination operates to foreclose reexamination of the question of default on this appeal {see Morrison Cohen, LLP v Fink, 92 AD3d 514 [1st Dept 2012], lv dismissed 19 NY3d 1017 [2012]; Eastside Exhibition Corp. v 210 E. 86th St. Corp., 79 AD3d 417 [1st Dept 2010], affd on other grounds 18 NY3d 617 [2012], cert denied 568 US —, 133 S Ct 654 [2012]). Moreover, that determination renders academic plaintiffs arguments concerning whether the MCIC defendants failed to show a reasonable excuse for the default or a meritorious defense {see Rossini Excavating Corp. v Shelter Rock Bldrs., LLC, 89 AD3d 467 [1st Dept 2011]).
We have considered plaintiffs remaining arguments and find them unavailing.
Concur—Acosta, J.E, Moskowitz, Renwick, Freedman and Clark, JJ.